(51 Misc. Rep. 661)

### In re ZERWINSKI'S ESTATE.

(Surrogate's Court, Kings County. September, 1906.)

ADMINISTRATORS—LETTERS OF ADMINISTRATION—DIFFERENT NAMES FOR DECE-DENT.

An application for letters of administration on the estate of "Morris Zerwinski, deceased," on the ground that the widow, who was entitled to a prior right, had not made application, was properly denied, where it appeared that she had obtained letters of administration on the estate of decedent under the name of "Morris Siriski."

Application for letters of administration on the estate of Morris Zerwinski, deceased. Denied.

CHURCH, S. This application for letters of administration is made on the ground that the widow, who is entitled to prior right, has not made application; but the widow appears and shows that, previous to this application, she had obtained letters of administration on the estate of the deceased, under the name of "Morris Siriski." As there is no question that these two applications relate to the same person, it follows, of course, that the present one must be denied. As it appears that one, if not both, of these parties has spelled the name of the deceased improperly, the confusion which has resulted emphasizes the necessity of care and circumspection in correctly setting forth the names of parties; and, if there is any doubt as to whether the letters which have been issued bear the proper name, a proceeding should be instituted to amend them, in order to prevent further confusion.

---

(51·Misc. Rep. 662)

### In re BURNS et al.

(Surrogate's Court, Kings County. October, 1906.)

GUARDIAN AND WARD—APPOINTMENT UNDER MISREPRESENTATION—REVOCA-TION.

Where letters of guardianship are issued upon false representations, and it appears from the true statement of the facts that the Surrogate's Court would not have jurisdiction of the matter under any circumstances, the letters should be revoked, and the guardian directed to account.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guardian and Ward, §§ 71, 78.]

In the matter of the guardianship of Guy Burns and another, infants.

George H. Alexander, for petitioner.
John S. Bennett, for general guardian.

CHURCH, S. It appears that the letters of guardianship were issued upon a false representation of the facts. This, of itself, would be sufficient to revoke such letters; but, in addition, it is apparent from a true statement of the facts that this court would not have any jurisdiction under any circumstances.

It, follows, therefore, that the letters in question should be revoked, and the guardian, who has been thus improperly appointed, directed to account.